DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:05-cr-0119-JWS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | <u>UNITED STATES SENTENCING</u> |
| DANA R. SWEATT, ) | <u>MEMORANDUM</u> |
| ) | |
| Defendant. ) | |
| _____ ) | |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

    **TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . **121 MONTHS**

    **SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . . **5 YEARS**

    **SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The government does not dispute the factual findings of the USPO.

## I.   BACKGROUND

On April 28, June 7, and July 19, 2005, an undercover police officer arranged to purchase crack cocaine from the defendant. The first two purchases were for 25 and 24 grams, respectively. The last purchase was to be for three ounces of cocaine base. At the last minute, the undercover changed the request to two ounces of cocaine base in exchange for $2,600. The defendant took the money from the undercover and approached a vehicle which she believed was driven by her source of crack cocaine, but in actuality was a member of the investigative field team. The defendant was arrested. The defendant's source, who was in the parking lot, was searched; 170 grams of cocaine base was recovered from the source.

A criminal complaint was filed against the defendant on November 22, 2005; the defendant was arrested and indicted on December 13, 2005. On April 10, 2006, she entered a plea of guilty to the sole count of the indictment: Attempted Possession of cocaine base with intent to distribute.

II.    **SENTENCING RECOMMENDATION**

    A.    <u>Application of the United States Sentencing Guidelines</u>

Pursuant to the charge to which the defendant pled, the maximum sentence that may be imposed on defendant is life in prison, a $4 million fine, 5 years supervised release, and a $100 special assessment. There is a mandatory minimum of ten years in prison. The USPO has found that the defendant has an adjusted offense level of 29, and a criminal history category of III. However, the USPO appears to have made a calculation error in the defendant's criminal history category in not adding three criminal history points for the Forgery in the Second Degree conviction in 1988. The PSR writer disqualified such conviction based upon U.S.S.G. § 4A1.2(e)(3), in that the sentence in that case was imposed in excess of 15 years from the date of the instant offense. <u>See</u> PSR ¶ 46. However, where there is a revocation of parole, U.S.S.G. § 4A1.2(k)(2)(B) provides that for the purposes of determining the applicable time period contained in § 4A1.2(e), use the period of last release from incarceration on such sentence. The defendant's parole was revoked on May 28, 1991. Accordingly, such date is within 15 years of the current offense , which began in April 2005. Thus, three additional criminal history points are added, giving the defendant a total of 9 criminal history points

and a criminal history category of IV. Accordingly, the defendant's sentencing range under the guidelines is 121 - 151 months.

The defendant has argued that her guideline should be adjusted for being a minor participant in the offense, which would reduce her offense level downward two levels. The United States opposes such reduction, as the defendant was directly and substantially involved in all transactions. The fact that she had a drug problem and needed to obtain the cocaine from a third party is an insufficient basis to justify a minor role adjustment. If such were the case, most drug dealers in Alaska would similarly qualify.

B.  Application of 18 U.S.C. §3553(a)

The United States submits that application of the factors set forth in 18 U.S.C. § 3553(a) supports a sentence within the guideline range of 121 to 151 months. The defendant has a long and varied criminal history, having committed a variety of quality of life offenses as well as more serious offenses such as drug crime and burglary. The defendant also reports a long history of drug abuse, sexual abuse, and family discord. The defendant has shown hope for rehabilitation in the past, having completed treatment programs and worked as a drug counselor. Unfortunately, the defendant relapsed, which was followed soon thereafter with a return to criminal ways. On balance, a sentence at the low end of the guideline

range is appropriate given the defendant's long criminal history, the serious nature of the offense, and the defendant's participation in the offense. Accordingly, the United States recommends a sentence of 121 months in prison, 5 years supervised release, and a $100 special assessment.

RESPECTFULLY SUBMITTED this  13th  day of July, 2006 in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Frank V. Russo
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>(907) 271-1500 (fax)
>Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on July 13, 2006, via:

(X) Electronic case filing notice

Kevin McCoy, Esq.

Executed at Anchorage, Alaska, on July 13, 2006

s/ Frank V. Russo_____
Office of the U.S. Attorney